# 1072-15

ORIGINAL

P.D. Number 1072-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

JOEL RAMERIZ

    APPELLANT

V.

    TRIAL COURT NO CR 20713

    COA Case No. 11-11-00077-CR

THE STATE OF TEXAS

    APPELLEE

PETITION FOR DISCRETIONARY REVIEW
FROM THE ELEVENTH DISTRICT COURT OF APPEALS
AT EASTLAND TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

(i)

# LIST OF PARTIES

STATES ATTORNEY: ............ TOMMY ADAMS
SBN: 00885200
35TH JUDICIAL DISTRICT ATT.
BROWN COUNTY, TEXAS
200 S. BROADWAY, SUITE 323
BROWNWOOD TEXAS 76801
TEL: 325-646-0444


APPELLANTS TRIAL ATTORNEY: .... EVAN PIERCE - JONES
SBN: 15999400
125 S. WASHINGTON ST.
SAN ANGELO, TEXAS 76901
TELL: 325-659-8929


APPELLANTS TRIAL ATTORNEY: ..... AMY HENNINGTON
SBN: 00790866
125 S. WASHINGTON ST.
SAN ANGELO, TEXAS 76901
TEL: 325-659-8929


ATTORNEY FOR APPELLANT: ....... RUDY TAYLOR
SBN: 24039498
205 CENTER AVE
BROWNWOOD, TEXAS 76801
TEL: 325-646-7440

# TABLE OF CONTENTS

iii

INDEX OF AUTHORITIES      1.

STATEMENT REGARDING ORAL ARGUMENTS      2.

STATEMENT OF THE CASE      2.

STATEMENT OF PROCEDURAL HISTORY      2.

GROUNDS FOR RELIEF AND REVIEW . . . . . . 5, 7, 8, 13

GROUND NO ONE . . . THE COURT SHOULD HAVE GRANTED PETITIONERS MOTION FOR CONTINUANCE . . . 5

GROUND NO TWO . . . PETITIONER SHOULD HAVE BEEN ALLOWED TO WITHDRAW HIS JURY WAIVER . . . . . . 7

GROUND NO. THREE . . . TEXAS PENAL CODE SECTION 21.15 IS UNCONSTITUTIONAL . . . . . . . . . . . . . . . . 8

GROUND No. FOUR . . . THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY . . . . . . . . . 13.

GROUND NO FIVE . . . ATTORNEY DID NOT ARGUE THIS GROUND FOR SOME REASON . . . . . .

SUMMARY .................................... 18

PRAYER .................................... 20

CERTIFICATE OF SERVICE .................................... 21

DECLARATION .................................... 21

## INDEX OF AUTHORITIES

STATE V. CRANK, 666 S.W. 2d 91, 94 (TEX 1984) .............

HOBBS V. STATE ....................................... 8

PAPACHRISTOU V. CITY OF JACKSONVILLE, 405 U.S. 92 S Ct 839, 31 L. Ed 2d 110 (1972) ........................... 11

GOOCHOR V. STATE, 533 S.W. 2d 860 (TEX. Crm. APP 1982) ...11

ADLEY V. STATE, 718 S.W 2d 682 (TEX 1985) ......... 11

SANCHEZ V. STATE, 974 S.W. 2d 307 (TEX. 1988) .......... 11

LONG V. STATE, 931 S.W. 2d 285 (TEX. 1996) ......... 12

JACKSON V. VIRGINA, 443 U.S. 307-319-99, S. Ct. 2781, 2789 (1979) .................................... 16

CLAYTON V. STATE, 235 S.W. 3d 772, 778 (TEX 2007) ..... 16

BROSKY V. STATE, 915 S.W. 2d 120 (TEX. 1996) .......... 16

## STATUTES

TEXAS PENAL CODE SECTION 21.15 ........2, 8, 9, 10, 11, 12, 13, 16

TEXAS PENAL CODE, SECTION 37.09 . . . . . . . . . . . 18

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1.13 . . . . . 8

TEXAS CODE OF CRIMINAL PROCEDURE, ART. 2903 . . . . . 28

5TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . . 11, 23

14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . . 11, 23

ARTICLE I, SECTION 19, OF THE TEXAS CONSTITUTION . . 12, 23

| | | |
|---|---|---|
| JOEL RAMIREZ | § | IN THE COURT OF |
| PETITIONER | § | |
| | § | |
| V. | § | CRIMINAL APPEALS |
| | § | |
| STATE OF TEXAS | § | |
| RESPONDENT | § | AUSTIN TEXAS |

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONERABLE JUDGES OF SAID COURT:

Comes now JOEL RAMIREZ, PETITIONER, PRO SE, AND RESPECTFULLY FILES THIS PETITION FOR DISCRETIONARY REVIEW. PETITIONER MOVES THAT THIS HONERABLE COURT GRANTS THIS PETITION AND OFFERS THE FOLLOWING IN SUPPORT THEREOF.

## STATEMENT REGARDING ORAL ARGUMENT

PETITIONER IS PRESENTLY INCARCERATED AND IS UNABLE TO PRESENT ORAL ARGUMENT IN THIS CAUSE. ACCORDINGLY PETITIONER WAIVES ORAL ARGUMENT.

## STATEMENT OF THE CASE

(1)

PETITIONER, JOEL RAMIREZ, WAS INDICTED FOR TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE, CAUSE NO. CR20713, UNDER TEXAS PENAL CODE SECTION 37.09, ON APRIL 22, 2010. THE INDICTMENT ALSO INCLUDED REPEAT AND HABITUAL OFFENDER ENHANCEMENTS (C.R, p.5) PETITIONER HAD THREE INDICTMENTS PENDING AT THE TIME OF TRIAL; CAUSE NO. CR20713, CAUSE NO. CR20714, AND CAUSE NO. CR20547. THE STATE ELECTED TO GO FOWARD ON CAUSE NO. CR20713.

THE ALLEGED INCIDENT, IN CAUSE NO. CR20713, TOOK PLACE ON OR ABOUT DECEMBER 23, 2009. THE ELEMENTS OF THE OFFENSE ARE AS FOLLOWS; KNOWING THAT AN INVESTIGATION WAS PENDING OR IN PROGRESS, A PERSON INTENTIONALLY OR KNOWINGLY CONCEALS PHYSICAL EVIDENCE WITH INTENT TO IMPARE ITS AVAILABILITY AS EVIDENCE IN THE INVESTIGATION. IN THIS CASE THE EVIDENCE WAS A MEDIA CARD OR SECURE DIGITAL CARD.

THE UNDERLYING OFFENSE RELATED TO THE INVESTIGATION WAS IMPROPER PHOTOGRAPHY OR VISUAL RECORDING UNDER TEXAS PENAL CODE SECTION 21.15. THE RELEVANT ELEMENTS OF THIS

(2)

OFFENSE ARE AS FOLLOWS; A PERSON PHOTOGRAPHS, OR BY VIDEOTAPE OR BY OTHER MEANS RECORDS... WITHOUT THE OTHER PERSON'S CONCENT, AND WITH INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY PERSON. (TEXAS PENAL CODE SECTION 21.15(b)(1))

THE FIRST JURY TRIAL SETTING IN THIS CASE WAS JULY 19, 2010. (CR. p.24) ON JUNE 17, 2010, PETITIONER FILED DEFENDANTS MOTION FOR CONTINUANCE (CR. p.25) ON JULY 13, 2010, JURY TRIAL WAS RESET TO SEPTEMBER 13, 2010. (CR. p.34) ON THE SAME DAY JULY 13, 2010, PETITIONER FILED SEVERAL PRETRIAL MOTIONS (CR. p.35-60) ONE OF WHICH WAS PETITIONERS ELECTION AS TO PUNISHMENT WHEREIN A "JURY" WAS ELECTED TO ASSESS PUNISHMENT IN THE EVENT OF A GUILTY VERDICT. (CR. p.58) ON JULY 14, 2010, THE STATE FILED A MOTION FOR CONTINUANCE. (CR. p.61) CITING AN UNAVIABLE MATERIAL WITNESS. THE MOTION WAS GRANTED BY THE COURT. (CR. p.63). THE NEXT JURY TRIAL DATE WAS SEPTEMBER 27, 2010. (CR. p.80) ON SEPTEMBER 17, 2010, PETITIONER FILED HIS SECOND MOTION FOR CONTINUANCE (CR. p.84) AND IT WAS GRANTED BY THE COURT ON SEPTEMBER 20, 2010. (CR. p.87) THE JURY TRIAL WAS RESET FOR OCTOBER 25, 2010. (CR. p.88) ON OCTOBER 21, 2010 PETITIONER FILED HIS THIRD MOTION FOR CONTINUANCE CITING SCHEDULED HERNIA SURGERY ON OCTOBER 25, 2010.

(3)

(CR. p.109) At all relevant times before October 25, 2010, the record clearly reflects that petitioner elected a jury trial to decide guilt/innocence and if necessary punishment. (CR. p.25-109)

Petitioner argues that on the day of trial October 25, 2010, petitioner was forced to sign a hurridly hand written jury waiver because it was his only way out of trial on that day. His trial attorneys told him the judge denied his motion for continuance. However there is nothing in the record of the continuance even being presented to the court or the judge denying said motion. Whereby being forced to sign a handwritten jury waiver, a bench trial was scheduled for January 13, 2011 as evidenced by the states application for subpoenas. (CR. p.113-14) The court denied withdrawal of the jury waiver and the case to be tried to the bench on this day January 13, 2011 (RR. p. 43) Clearly an abuse of discretion by the trial court.

On January 13, 2011 petitioner filed a motion to withdraw his attorney for petitioner citing the confidence necessary for an effective attorney-client relationship has entirely broken down. (CR. p.127-28) The motion contained

(4)

DEFENDANTS SIGNATURE. THIS MOTION WAS ALSO
DENIED. CLEARLY ANOTHER MISCARRAGE OF JUSTICE
BY THE COURT.

AFTER THE FORCED BENCH TRIAL, ON JANUARY 13,
2011, THE COURT FOUND PETITIONER GUILTY AS CHARGED IN
THE INDICTMENT AND IMMEDIATELY STARTED THE
PUNISHMENT PHASE. (RR. V4 p. 4). PETITIONER PLED TRUE TO
BOTH ENHANCEMENT PARAGRAPHS. (RR V.4 p. 5-6) AND
WAS SENTENCED TO FORTY-FIVE (45) YEARS IN THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION (RR. V.5, p. 34)

## GROUND FOR REVIEW

## GROUND NO. ONE

THE COURT SHOULD HAVE GRANTED PETITIONERS
MOTION FOR CONTINUANCE;

ON OCTOBER 21, 2010, PETITIONER FILED HIS MOTION
FOR CONTINUANCE CITING HERNIA SURGERY FOR
PETITIONER THAT WAS SCHEDULED ON OCTOBER 25, 2010
(CR p. 109). THIS SURGERY WAS TO BE PAID FOR BY
WORKMANS COMPENSATION. PETITIONER DOES NOT
UNDERSTAND WHAT THE COURTS INTREST IN WHO
PAYS FOR THE SURGERY. THE EVIDENCE IN THE RECORD

(5)

IS UNCONTROVERTED THAT PETITIONER HAD HERNIA SURGERY SCHEDULED. (R.R. V3 p. 30-34) THE RECORD IS UNCONTROVERTED THAT PETITIONER WAS UNDER DR. BUTKA AND DR. GRANT'S CARE AND THE PETITIONER HAD SURGERY ON OCTOBER 25, 2010 AND BEFORE JANUARY 13, 2011, WHICH SUBSTANTIATES HIS CLAIM FOR CONTINUANCE. (R.R. V3 p. 31).

IN PETITIONERS APPEAL BRIEF, IN THE STATEMENT OF FACTS IT CLEARLY SHOWS THERE IS NO RECORD OF THE CONTINUANCE BEING DENIED. HOWEVER THERE IS REFERENCE TO PETITIONER'S COUNSEL TELLING HIM THE JUDGE DENIED THE MOTION. ALSO PETITIONER'S ATTORNEY TOLD PETITIONER JUST MINUTES BEFORE TRIAL, THAT THE MOTION FOR CONTINUANCE HAD BEEN DENIED. THIS PRECIPITATED PETITIONER IN WAIVING HIS RIGHT TO A JURY TRIAL.

THEN ON JANUARY 13, 2011 PETITIONERS ATTORNEY FILED THE MOTION TO WITHDRAW AS ATTORNEY FOR PETITIONER, CITING "THE CONFIDENCE NECESSARY FOR AN EFFECTIVE ATTORNEY-CLIENT RELATIONSHIP WAS ENTIRELY BROKEN DOWN. (C.R. p. 127-28) THE MOTION WAS ALSO DENIED. HOWEVER THE DAMAGE WAS ALREADY DONE BY PETITIONER BEING FORCED TO SIGN A HANDWRITTEN JURY WAIVER.

(6)

EVEN THE STATES ATTORNEY ARGUED "THE RECORD IS BUILDING FOR A FLURRY OF APPELLATE TORPEDOES" (R.R. V3 p.29) THIS IN ITSELF SHOULD SHOW THIS COURT THE MISCARRAGE OF JUSTICE TO BE DONE TO PETITIONER.

GROUND NO. TWO

PETITIONER SHOULD HAVE BEEN ALLOWED TO WITHDRAW HIS JURY WAIVER;

IT IS VERY CLEAR FROM EVERY DOCUMENT IN THE CLERKS RECORD, INCLUDING ALL FILINGS BY TRIAL COUNSEL UNTIL PETITIONERS JURY WAIVER HIS INTENTION WAS TO SEEK A JURY TRIAL. EVEN IN PETITIONERS ELECTION AS TO PUNISHMENT FILED JULY 13, 2010, PETITIONER ELECTED TO HAVE "A JURY" ASSESS PUNISHMENT.

PETITIONER STILL ARGUES TO YOUR HONORS CAN CLEARLY INFER THAT PETITIONERS INTENTIONS WERE TO HAVE A "JURY TRIAL" THROUGHOUT THIS ENTIRE PROCEEDING. AN INSPECTION OF THE APPEAL RECORD WILL SHOW WHY HE WAS FORCED TO SIGN THE JURY WAIVER. WHY HE WAS FORCED TO PLEA BARGAIN, THE MEDICATION HE WAS ON

(7)

IN ITSELF SHOULD HAVE RENDERED PETITIONER INCOMPETENT TO PLEAD TO ANYTHING. ALSO THE WAYS PETITIONER WAS MISLED BY HIS OWN DEFENSE COUNSEL'S FROM THE VERY START. THE JUDGE INQUIRED AS TO WHICH ATTORNEY WOULD ARGUE THE CASE, NEITHER ATTORNEY KNEW WHO WOULD ARGUE THE CASE.

## ARGUMENT

A DEFENDANT HAS THE ABSOLUTE RIGHT TO A JURY TRIAL. HOBBS v. STATE, AT 197, AS A MATTER OF CONSTITUTIONAL LAW, THE STATE MUST ESTABLISH ON THE RECORD A DEFENDANTS EXPRESS KNOWING AND INTELLIGENT WAIVER OF A JURY. CODE OF CRIMINAL PROCEDURE ARTICLE 1.13 SETS THE REQUIRED FORMALITIES OF A JURY TRIAL WAIVER IN TEXAS. THE RECORDS REFLECT THE JURY WAIVER WAS PRESENTED ONLY MINUTES BEFORE THE BENCH TRIAL, IT WAS HANDWRITTEN AND THE ATTORNEY'S TOLD PETITIONER THE JUDGE DENIED HIS MOTION FOR CONTINUANCE AND HE MUST SIGN THE JURY WAIVER. THIS CLEARLY SHOWS THE ATTORNEY'S INTENT AND LACK OF PURSUING A JURY TRIAL.

GROUND No. THREE:

TEXAS PENAL CODE SECTION 21.15 IS UNCONSTITUTIONAL;

(8)

# ARGUMENT

THIS ERROR IS PRESERVED FOR APPEAL BY PETITIONERS MOTION TO DECLARE TEXAS PENAL CODE SECTION 21.15 UNCONSTITUTIONAL FOR VAGUENESS BOTH FACIALLY AND AS APPLIED:

TEXAS PENAL CODE, SECTION 21.15 STATES;

[THE SECTION PROHIBITS THE PHOTOGRAPHY OR ELECTRONIC RECORDING, BROADCASTING, OR TRANSMISSION OF VISUAL IMAGES OF PEOPLE WITHOUT THE CONSENT OF THE PEOPLE BEING PHOTOGRAPHED OR RECORDED AND WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF A PERSON, AT A LOCATION THAT IS NOT A BATHROOM OR PRIVATE DRESSING ROOM.

THE STATUTE ADDS AN ADDITIONAL POSSIBLE CRIMENALALATION ELEMENT IF THE LOCATION IS A BATHROOM OR PRIVATE DRESSING ROOM. IN THAT SITUATION THE PHOTOGRAPHY OR RECORDING IS CRIMINALIZED EITHER IF THE INTENT IS TO AROUSE OR GRATIFY SEXUAL DESIRE, OR IF THE INTENT OF THE ACTOR IS TO INVADE THE PRIVACY OF THE PERSON IMAGED. PROMOTION OF SUCH VISUAL MATTERS IS ALSO CRIMINALIZED

PETITIONER RE-INTERATES HIS ARGUMENT THAT ON THEIR FACE, THESE BROAD PROHIBITIONS CREATE A SITUATION IN WHICH, ON THE FACE OF THE STATUTE A PHOTOGRAPHER TRAINING A CANDID SHOT OF A SEXUALLY ATTRACTIVE CELEBRITY ON THE BEACH AT SOUTH PADRE ISLAND, OR AT A FUNDRAISER IN DALLAS WITHOUT THE CONSENT OF THE CELEBRITY AND WITH THE INTENT THAT THE PHOTOGRAPH SO TAKEN MIGHT AROUSE THE SEXUAL DESIRE OF THE READERS OF SOME SUPERMARKET TABLOID, HAS COMMITTED A FELONY UNDER THE ABOVE STATUTE. SO, IT WOULD APPEAR, HAS THE COLLEGE FRESHMAN WHO TAKES A PICTURE OF A PRETTY GIRL IN THE LIBRARY WITH HIS CELL PHONE, WITHOUT HER CONSENT AND BECAUSE SHE, AS THE SAYING GOES "TURNS HIM ON".

THE LEGISLATURE HEARING IN THE UNITED STATES HOUSE BILL 1001 (2003) AND LATER IN THE UNITED STATES SENATE, REGARDING SECTION 21.15 REVEALS THAT THESE SORTS OF PHOTOGRAPHY WERE NOT THE TARGET OF THAT SECTION. RATHER, THESE SESSIONS CONTAIN REFERENCE TO SUCH ACTIVITIES AS COVERT RECORDING OF SEXUAL LIAISONS FOR THE ENTERTAINMENT OF FRATERNITY BROTHERS. HIDDEN CAMERAS IN BATHROOMS, AND THE TAKING OF PICTURES UP THE SKIRTS OF WOMEN AND CHILDREN. DURING A FLOOR DEBATE IN 2003, FOR EXAMPLE, REPRESENTATIVE THOMASON REFERRED TO

(10)

THE BILL UNDERLYING SECTION 21.15 AS "UP SKIRT BILL". SITUATIONS SUCH AS THESE TOUCHED ON IN THE PRECEEDING PARAGRAPHS WERE NOT PART OF THE DISCUSSIONS, DURING THE 2003 HOUSE HEARINGS, REPRESENTATIVE KEEL CONCEDED THAT THE PROPOSED PROHIBITIONS WERE BROAD ENOUGH TO CRIMINALIZE A LIBRARY PROVIDING INTERNET ACCESS UNDER THE CRIMINALIZING OF PROMOTION. BUT ARGUED THAT PROSECUTORS WOULD BRING SUCH CASES. THE SENATE JUDICIARY COMMITTEE FINALLY PASSED AN AMENDED VERSION OF HOUSE BILL 1801.

A PENAL STATUTE IS UNCONSTITUTIONALLY VOID FOR VAGUENESS IN THAT THEY FAIL TO GIVE A PERSON OF ORDINARY INTELLIGENCE FAIR NOTICE OF WHAT CIRCUM- STANCES THAT WILL GIVE RISE TO CRIMINAL LIABILITY, AND FAILS TO GIVE GUIDANCE TO LAW ENFORCEMENT TO THE EXTENT THAT IT EFFECTIVELY ENCOURAGES ARBITRARY AND ERATIC APPLICATION. PAPACHRISTON V. CITY OF JACKSONVILLE, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed 2d 110 (1972); GOOCHER V. STATE, 533 S.W. 2d 860 (TEX. CRIM. APP. 1982); ADLEY V. STATE, 718 S.W. 2d 682 (TEX. CRIM. APP 1985); AND SANCHEZ V. STATE, 974 S.W. 2d 307 (TEX. CRIM. APP.-SAN ANTONIO 1988) PETITIONER URGES THAT IN THESE RESPECTS, SECTION 21.15 FAILS, AND IN FAILING VIOLATES THE DUE PROCESS REQUIREMENTS OF THE 5TH AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES, AND THE

(11)

GUARANTEE OF A TRIAL CONDUCTED ACCORDING TO THE DUE COURSE OF LAW EMBODIED IN ARTICLE I SECTION 19 OF THE TEXAS CONSTITUTION.

IT WOULD APPEAR THAT THE ACTIVITY IN WHICH THE DISTRICT ATTORNEY HAS ALLEGED PETITIONER ENGAGED WAS NOT THE TARGET OF SECTION 21.15, AT ALL. PETITIONER SUBMITS THIS PRESENTS A SITUATION IN WHICH HE DID NOT HAVE THE REQUIRED NOTICE THAT HIS ALLEGED ACTIVITY WAS PROHIBITED BY SECTION 21.15, IN THIS CASE AS REQUIRED BY LONG V. STATE, 931 S.W. 2d 285 (Tex. Crim. App 1996) THE PETITIONER SUBMITS THAT SECTION 21.15 IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO HIM AND TO HIS ALLEGED CONDUCT.

A STATUTE UNCONSTITUTIONALLY VOID FOR VAGUENESS ON ITS FACE IF IT IS INCAPABLE OF APPLICATION WITHOUT INFRINGMENT OF RIGHTS UNDER THE 1st AMENDMENT OF THE UNITED STATES CONSTITUTION. IN THIS RESPECT, THE DIFFICULTIES WITH RESTRAINING OVERZEALOUS APPLICATION OF SECTION 21.15 TABLOID PHOTOGRAPHERS OF CELEBRITIES POINTS THE WAY. IT WAS APPARENTLY NOT THE INTENT OF THE LEGISLATURE TO OUTLAW THE TAKING OF CANDID, IF SEXUALLY AROUSING PICTURES OF CELEBRITIES IN PUBLIC BUT SECTION 21.15 ON ITS FACE WOULD APPEAR TO CRIMINALIZE THESE PEOPLE. AND, YET THE 1st AMENDMENT OF THE UNITED

(12)

STATES CONSTITUTION PROTECTS NEWS GATHERING. SO ON ITS FACE SECTION 2L15, WOULD APPEAR TO BE UNCONSTITUTIONAL AS A VIOLATION OF THAT AMENDMENT. IN REGARD, IT IS NECESSARILY ALSO VIOLATES THE DUE PROCESS REQUIREMENTS OF THE 5TH AND 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, AND THE GUARANTEE OF A TRIAL CONDUCTED ACCORDING TO THE DUE COURSE OF LAW EMBODIED IN ARTICLE 1 SECTION 19 OF THE TEXAS CONSTITUTION.

## GROUND NO. FOUR:

THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY:

PETITIONER TOOK VIDEO PICTURES AT A MALL IN BROWN COUNTY, TEXAS. (R.R. V6 - STATES EXHIBIT 8, DVD, EXPORT FOLDER, QUICK TIME MOVIES). THE VIDEOS WERE TAKEN ON OR ABOUT DECEMBER 23, 2009 (R.R. V.3 p.45).

MS. RUIZ, A PERSON AT THE STORE IN THE MALL, TESTIFIED THAT SHE SAW PETITIONER TAKING FLASH PICTURES OF A LITTLE GIRL THAT WAS BENDING OVER (R.R. V.3 p.75-76) AT ABOUT A 75 DEGREE ANGLE (R.R. V3 p.102) WEARING A SHORT PLAID SKIRT. (R.R. V3 p.110) THERE ARE NO SUCH PICTURES IN THE

RECORD. THE COURT ASKED THE WITNESS IF SHE COULD IDENTIFY THE "LITTLE GIRL" OR IF THE WITNESS HAD SEEN HER SENCE [DECEMBER 23, 2009] Ms RUIZ STATES "NO". Ms RUIZ GAVE CONFUSING AND CONTRADICTORY ANSWERS REGARDING WHAT SHE ACTUALLY SAW PETITIONER TAKING PHOTOS ON DECEMBER 23, 2009. (R.R. V3 p. 79-109) THEREFORE THE EVIDENCE IN THE WRITTEN RECORD INDICATES THAT Ms RUIZ MAY OR MAY NOT HAVE SEEN PETITIONER TAKING FLASH PICTURES WITH A CAMERA OF A "LITTLE GIRL'S" REAR END, HER AGE AND IDENTITY UNKNOWN. BUT THERE ARE NO PICTURES IN EVIDENCE TO SUBSTANTIATE THE TESTIMONY OF THIS WITNESS.

PETITIONER ARGUES THERE ARE NO PICTURES IN EVIDENCE THEN Ms RUIZ GAVE CONFUSING AND CONTRADICTING TESTIMONY. WHEREBY IT STATES Ms RUIZ MAY OR MAY NOT HAVE SEEN PETITIONER TAKING PICTURES.

PETITIONER ASSERTS CAN A PERSON BE CONVICTED AND SENT TO PRISON FOR (45) FORTY-FIVE YEARS ON A THEORY BASED ON "MAY OR MAY NOT" THE MOCKERY OF THIS IS OUTLANDISH IN A COURT OF LAW.

THE STATES NEXT WITNESS Ms SANDOVAL,

(14)

TESTIFIED SHE SAW PETITIONER TAKING PICTURES OF A LITTLE GIRL OF 9 TO 12 YEARS OLD (RR.V3 p.114) HOWEVER WHEN CROSS EXAMINED, IT WAS SHOWN THAT HER STATEMENT GIVEN TO AUTHORITIES AT THE TIME OF THE INCIDENT REFLECTED THAT SHE BELIEVED THE GIRL WAS 14 TO 15 YEARS OLD. (RR.V3, p.116) Ms SANDOVAL TESTIFIED THAT Ms RUIZ DID NOT SEE PETITIONER TAKING PICTURES AS SHE HAD TESTIFIED (RR.V.3 p.124). Ms SANDOVAL'S TESTIMONEY DIRECTLY CONTRADICTED Ms RUIZ' TESTIMONY REGARDING WHAT THE "LITTLE GIRL" WAS WEARING, "SHE STATED THE GIRL WAS WEARING A SHIRT WITH JEANS AND BOOTS (RR. V.3 p.133)

PETITIONER ASSERTS HOW CAN A PERSON NOT ONLY BE CONVICTED ON A "MAY OR MAY NOT" THEORY OF A WITNESS WHO GAVE CONFLICTING AND CONTRICTORY TESTIMONY. BUT THAT SAME WITNESS'S CO-WITNESS STATES SHE NEVER EVEN SEEN THIS LITTLE GIRL, ALSO WHY DID PETITIONERS ATTORNEY'S SUBPEONA THE SECURITY SURVALANCE TAPES FROM THE STORE TO ACTUALLY SEE WHAT ACTUALLY TOOK PLACE?

## ARGUMENT

REVIEWING THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT A CONVICTION, WE VIEW ALL OF THE EVIDENCE IN

(15)

THE LIGHT MOST FAVORABLE TO THE VERDICT TO DETERMINE WHETHER ANY RATIONAL TRIER OF FACT COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT. JACKSON V. VIRGINIA, 443 U.S. 307, 319-99, S.Ct. 2781, 2789 (A79); CLAYTON V. STATE, 235 S.W.2d 772, 778 (TEX. CRM. APP. 2007).

THE UNDERLYING OFFENSE RELATED TO THE INVESTIGATION WAS IMPROPER PHOTOGRAPHY OR VISUAL RECORDING UNDER TEXAS PENAL CODE SECTION 21.15 WHICH MUST BE PROVEN BEYOND A REASONABLE DOUBT BEFORE TAMPERING WITH EVIDENCE CAN BE PROVEN. THE RELEVANT ELEMENTS OF TEXAS PENAL CODE SECTION 21.15 ARE AS FOLLOWS: A PERSON PHOTOGRAPHS, OR BY VIDEOTAPE OR BY OTHER MEANS RECORDS, WITHOUT THE OTHER PERSONS CONSENT AND WITH INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY PERSON. [TEXAS PENAL CODE SECTION 21.15(b)(1)].

PETITIONER WOULD URGE YOUR HONORS TO REVIEW SPECIFICALLY THE DVD IN EVIDENCE (RR. V.6, STATES EXHIBIT 8, DVD). THERE ARE NO PICTURES EVEN REMOTELY RELATED TO THE TESTIMONY GIVEN BY Ms. RUIZ OR Ms. SANDOVAL. FURTHER, Ms. RUIZ AND Ms SANDOVAL'S TESTIMONY'S ARE NOT CREDIBLE. AGAIN PETITIONER WOULD URGE YOUR HONORS TO

(16)

REVIEW THE DVD, QUICK TIME MOVIES THAT WERE TAKEN AT THE MALL OF VARIOUS PEOPLE IN THE MALL. (RR. V. 6 STATES EXHIBIT 8, DVD, EXPORT FOLDER, QUICK TIME MOVIES). THERE ARE ABSOLUTELY NO VIDEOS THAT COULD REMOTELY VIEWED AS SEXUALLY ORIENTED OR THAT WOULD GRATIFY EVEN THE MOST PERVERTED OF MINDS. THERE WAS NO EVIDENCE OF SEXUAL AROUSAL OR INTENT TO SEXUALLY GRATIFY PETITIONER. (CR 1-160) (RR VI-6)

PETITIONER CONTENDS DUE TO THE INEFFECTIVNESS OF TRIAL COUNSEL TO INVESTIGATE THIS CASE FULLY, COUNSEL SHOULD HAVE SUPEONIED THE INSTORE SURVELANCE TAPES FROM THE BUSSINESS AND VIEWED EXACTLY WHAT DID GO ON IN THE STORE. IF IN FACT THERE WAS EVEN A "LITTLE GIRL", WHAT SHE WAS WEARING, AND ANY OTHER FACTS RELATED TO THIS CASE.

WITHOUT A CRIME HAVING BEEN COMMITTED THE TAMPERING WITH EVIDENCE CHARGE CANNOT BE BROUGHT. BROSKY V. STATE, 915 S.W.2d 120 (TEX. CRIM. APP. - FT. WORTH 1996). ALSO WITH THE PERJERED TESTIMONY OF THE WITNESS Ms. RUIZ HAS TOTALLY MADE A MOCKERY OF THE TRIAL COURT IN WHICH PETITIONER WAS GIVEN (45) FORTY FIVE YEARS IN PRISON ON THIS TESTIMONY. EVEN IN THE COURTS

(23)

OWN WORDS THERE WAS NO EVIDENCE PRESENTED TO FIND PETITIONER GUILTY OF ANY CRIME. HOWEVER THIS PETITIONER WAS STILL CONVICTED ON A THEORY OF "MAY OR MAY NOT".

<u>SUMMARY</u>

PETITIONER CONTENDS EVEN THE STATE ARGUED THAT "THE RECORD IS BUILDING FOR A FLURRY OF APPELLATE TORPEDOES" (R.R.V3 p.29) NOT ONLY IS THIS CASE FILLED WITH A TREMENDOUS AMOUNT OF ERRORS, THIS ENTIRE TRIAL WAS A MOCKERY OF THE JUDICIAL SYSTEM IN A WHOLE.

<u>ARTICLE 29.03</u> OF THE TEXAS CODE OF CRIMINAL PROCEDURE PROVIDES IN RELEVANT PART; [A] CRIMINAL ACTION MAY BE CONTINUED ON THE WRITTEN MOTION OF THE STATE OR OF THE DEFENDANT, UPON SUFFICIENT CAUSE SHOWN; WHICH CAUSE SHALL BE FULLY SET FORTH IN THE MOTION." (TEX. CODE CRIM. PROC. ANN. ART. 2903). PETITIONER WOULD ARGUE THAT HERNIA SURGERY IS TRUELY SUFFICIENT CAUSE FOR A CONTINUANCE.

<u>TEXAS PENAL CODE SECTION 37.09</u>, MUST BE SUPPORTED BY AN UNDERLYING OFFENSE. THE UNDERLYING OFFENSE IN THIS CASE IS ALLEGED

(18)

TO BE TEXAS PENAL CODE SECTION 21.15 (b)(1). PETITIONER MAY HAVE TAMPERED WITH EVIDENCE IF THERE WAS IN FACT A VALID INVESTIGATION TAKING PLACE, BUT THERE WAS NOT. THIS PROSECUTION IS A PERFECT EXAMPLE OF THE PROBLEM WITH THE STATUTE. THERE IS NO PICTURES OR VIDEOS IN EVIDENCE RELEVANT TO THIS CASE THAT REMOTELY COULD INTEND TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY PERSON. FURTHER, THERE IS NO CREDIBLE EVIDENCE THAT THE PHOTOGRAPHS IN QUESTION WERE EVEN TAKEN. AGAIN PETITIONER WAS FOUND TO "MAY OR MAY NOT" HAVE COMMITTED A CRIME. FURTHER, THERE ARE VIDEOS. HOWEVER, THE VIDEOS ARE RANDOM AND IN NO WAY INCULPATE PETITIONER FOR DEVIATE BEHAVIOR BY WAY OF VIDEO MAKING. THE STATE CHOSE TO TRY THE TAMPERING CASE AND NOT THE UNDERLYING ILLEGAL PHOTOGRAPHY CASE FOR A REASON, BECAUSE THERE IS NO EVIDENCE OF ILLEGAL PHOTOGRAPHY. AND THE PETITIONER "MAY OR MAY NOT" HAVE DONE THIS.

PETITIONER WOULD ALSO ASK YOUR HONORS TO REVIEW THE PETITIONERS ATTORNEYS GROUNDS OF ERROR. SAID ATTORNEY ALLEGES IN HIS BRIEF (5) FIVE GROUNDS OF ERROR. HOWEVER ISSUE NO. FIVE, COUNSEL NEVER ATTEMPTED TO ARGUE THIS GROUND. WHY, TRIAL COUNSELS WERE "EVAN PIERCE

(19)

Jones" San Angelo and Attorney "Amy Hennington" also of San Angelo. Petitioner contends both were ineffective and does not understand why appellate counsel places issue number five in his brief then does not even argue the issue.

## PRAYER

Wherefore, premises, considered, Petitioner prays this Court reverse and dismiss the prosecution of this case. And for any and all other relief to which Petitioner may be entitled.

Respectfully Submitted

*Joel Ramirez*

JOEL RAMIREZ #1699615
Estelle Unit
264 F.M. 3478
Huntsville Texas 77320

(20)

## Declaration

I, JOEL RAMIREZ, PETITIONER HEREIN STATE UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THIS PETITION FOR DISCRETIONARY REVIEW (PDR) IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED THIS. DAY OF ,2015

Joel Ramirez
JOEL RAMIREZ #1699615

## Certificate of Service

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF PETITIONER'S PETITION FOR DISCRETIONARY REVIEW HAS BEEN MAILED TO; COURT OF APPEALS, ELEVENTH DISTRICT OF TEXAS, SHERRY WILLIAMSON, CLERK, P.O. BOX 271, EASTLAND TEXAS 76448, ON THIS DAY OF 2015.

Joel Ramirez
JOEL RAMIREZ #1699615

(21)



In The

# Eleventh Court of Appeals

No. 11-11-00077-CR

## JOEL RAMIREZ, Appellant

## V.

## STATE OF TEXAS, Appellee

### On Appeal from the 35th District Court

### Brown County, Texas

### Trial Court Cause No. CR20713

## MEMORANDUM OPINION

Following a bench trial, Appellant, Joel Ramirez, was convicted of tampering with or fabricating physical evidence, a third-degree felony. Based upon a finding of "true" to a prior felony conviction alleged for enhancement purposes, the trial court assessed his punishment at confinement for a term of forty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction and sentence in four issues.[1] We affirm.

---

[1]Appellant asserts five issues but fails to provide argument for the fifth issue. Therefore, we do not address it.

*Background Facts*

On December 23, 2009, two women, Jacquelyn Ruiz and Jessica Sandoval, observed Appellant taking photographs of young girls inside a Claire's jewelry store in the Heartland Mall in Early, Brown County, Texas. Appellant was squatting down with a digital camera aimed at the posteriors of underage women. Ruiz alerted store employees, who called the police. Appellant left the store. Ruiz followed Appellant through the mall and confronted him. After she told him that the police were on their way, Appellant tried to hide in between and under cars in the parking lot before crossing the street and hiding behind a neighboring business.

Officers from the Early Police Department (E.P.D.) apprehended Appellant and arrested him for improper photography. He surrendered a digital camera that was missing its digital media storage card, but he refused access to his cell phone. After his arrest, Appellant made a recorded phone call from jail to his bail bondsman wherein he admitted to taking the photographs and to discarding the digital media card from his camera. E.P.D. officers were able to locate the media card in a drainage culvert located along the path Appellant took from the mall parking lot. Pursuant to a search warrant, a search of the media card and cell phone revealed photographs as described by Ruiz and Sandoval.

Indicted on April 22, 2010, Appellant's case was set for jury trial on four different occasions between July and October 2010. It was finally set for jury trial on October 25, 2010, but defense counsel filed a motion for continuance on October 21, 2010, stating that Appellant had a scheduled worker's compensation hernia repair on the same date as trial. On October 25, instead of having a jury trial, Appellant formally waived his right to jury trial, and the trial court granted his motion for continuance. The trial court set the matter for a bench trial to be held on January 13, 2011, allowing Appellant the six weeks for recovery requested by his trial counsel.

Before trial, Appellant filed a request to withdraw his jury waiver on the ground that he did not knowingly and voluntarily waive his right to a jury trial due to his intoxication from the prescription pain medication he was taking at the time that he entered the waiver. On the date of trial, after hearing from Appellant, Appellant's trial counsel, and the State's counsel, the trial court denied Appellant's request to withdraw his waiver and proceeded with trial before the court. The State elected to proceed only on the tampering with physical evidence charge.

*Issues on Appeal*

Appellant presents four issues on appeal. In his first issue, Appellant argues that the trial court should have granted his third motion for continuance filed October 21, 2010. Appellant next contends that the trial court erred in denying his request to withdraw his jury waiver. In his third issue, Appellant asserts that Section 21.15 of the Texas Penal Code is unconstitutionally vague, both facially and as applied. TEX. PENAL CODE ANN. § 21.15 (West 2011). Finally, Appellant asserts that the evidence is insufficient to support his conviction. We will first address Appellant's fourth issue regarding the sufficiency of the evidence.

*Sufficiency of the Evidence*

In his fourth issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In a bench trial, the trial court is the exclusive judge of the credibility of witnesses and may accept or reject any part of their testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987); *Rhodes v. State*, 441 S.W.2d 197, 200 (Tex. Crim. App. 1969).

The indictment alleges that Appellant, "knowing that an investigation was pending or in progress, to-wit: improper photography or visual recording, intentionally or knowingly conceal[ed] physical evidence, to-wit: media card or secure digital card, with intent to impair its availability as evidence." Appellant argues that the offense of improper photography must be established before the offense of tampering with physical evidence can be proven and that, because it was not established, there is insufficient evidence to support his conviction. Section 21.15 of the Texas Penal Code states that a person commits the offense of improper photography if the person photographs another without the other person's consent and with the intent to arouse or gratify the sexual desire of any person. Section 21.15(b)(1).

3

Citing *Brosky v. State*, 915 S.W.2d 120 (Tex. App.—Fort Worth 1996, pet. ref'd), Appellant contends that there is no evidence of sexual arousal and that, without such evidence, he cannot be charged with tampering with physical evidence. However, *Brosky* does not stand for the proposition that a separate offense must first be conclusively shown before an offense for tampering with physical evidence may be established. *Brosky*, 915 S.W.2d at 142–45. In *Brosky*, the appellate court held that tampering with physical evidence is not a lesser included offense of engaging in organized criminal activity. *Id.* at 143–44. The court determined that the offense of tampering with physical evidence occurred sequentially after another offense, which necessarily placed a person on notice that an investigation was pending. *Id.*

A person commits the offense of tampering with physical evidence if, knowing an investigation is pending, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in an investigation. TEX. PENAL CODE ANN. § 37.09 (West Supp. 2011). Section 37.09(a)(1) requires knowledge of an investigation; the intent to impair a thing's availability as evidence; and an affirmative act of concealment, alteration, or destruction. *Id.* The plain language of the statute does not require the State to establish another offense. To require the State to prove a preceding or underlying offense would impermissibly expand the statute by adding an element not listed in Section 37.09. Moreover, had the legislature intended to require proof of an underlying offense as an element of tampering with physical evidence, it could easily have specified such a requirement. *See Long v. State*, 931 S.W.2d 285, 290 (Tex. Crim. App. 1996) (interpreting the sexual harassment statute and stating that, had the legislature intended to apply a reasonable person requirement, it could easily have specified one but did not); *Lovell v. State*, 525 S.W.2d 511, 515 (Tex. Crim. App. 1975) ("If the Legislature had intended such a result, it would have clearly said so."); *H & C Commc'ns, Inc. v. Reed's Food Intern., Inc.*, 887 S.W.2d 475, 479 (Tex. App.—San Antonio 1994, no pet.) (holding that the court can insert additional words into the statutory provisions "[o]nly when it is necessary to give effect to the clear legislative intent").

As in *Brosky*, the offense of tampering with physical evidence occurred after another offense—improper photography—which was under investigation from the time the Claire's store employees alerted the police. The indictment listing the offense of improper photography merely goes to the first element of Section 37.09, which requires that Appellant have knowledge of a pending investigation.

Here, knowledge of the pending investigation can reasonably be inferred from Appellant's actions. At trial, Ruiz testified that she saw Appellant squatting down in a Claire's jewelry store and taking photographs of underage girls as the girls were bending down to look at merchandise. Ruiz informed a store clerk, who called the police. Ruiz followed Appellant when he left the store and told him the police were on their way. At that point, Appellant tried to flee to a neighboring business, but Ruiz followed him until the police arrived.

While not statutorily defined, concealment as used in the context of Section 37.09 is the affirmative act of doing something with an item of evidence with the intent of making that item unavailable in a subsequent investigation. Appellant affirmatively acted to make the digital media card unavailable in a subsequent investigation. Appellant admitted to taking photographs with his camera while inside the Heartland Mall, yet when he surrendered his camera to the officers, it was missing the secure digital media card. Police officers recovered the media card from a drainage culvert when they retraced Appellant's steps. From this, it is reasonable to infer that, as he fled from the shopping mall with Ruiz in pursuit, Appellant threw the media card in a drainage culvert in an attempt to conceal it.

We conclude, based on the evidence and reasonable inferences to be drawn therefrom, that a rational trier of fact could have found that Appellant concealed the media card as alleged in the indictment. Based on Appellant's flight from the scene, coupled with the concealment of the digital media card, a rational factfinder could have reasonably concluded that Appellant knew an investigation was pending and intended to impair the media card's availability as evidence. Appellant's fourth issue is overruled.

### Motion for Continuance

In his first issue, Appellant complains that the trial court abused its discretion when it denied his third motion for continuance filed October 21, 2010. However, Appellant's argument is without merit; the trial court orally granted Appellant's motion for continuance on October 25, 2010, and reset the trial for January 13, 2011. We overrule Appellant's first issue.

### Waiver of Trial by Jury

Appellant next argues that the trial court abused its discretion when it denied his request to withdraw his waiver of jury trial. Alternatively, Appellant argues that his original waiver of trial by jury was not voluntarily and knowingly given because he was under the influence of prescription drugs. The State responds that Appellant was not sufficiently intoxicated to render

5

his jury waiver involuntary and that Appellant failed to meet his burden under *Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009).

   *A. Voluntariness of Waiver*

   A defendant has an absolute right to a jury trial. U.S. CONST. amend. VI; TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). Article 1.13 of the Texas Code of Criminal Procedure provides the manner by which a defendant properly waives his right to trial by jury. TEX. CODE CRIM. PROC. ANN. art. 1.13 (West Supp. 2012). A defendant may waive his constitutional right to jury trial provided that "the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.* When a waiver of jury trial is challenged on appeal, the State must establish through the trial record an express, knowing, and intelligent waiver of jury trial. *Hobbs*, 298 S.W.3d at 197.

   The record shows compliance with Article 1.13. Appellant signed a form entitled "Defendant's Waiver of Jury Trial," in which he stated that, having "fully consulted with defense counsel," he "hereby waives jury trial." Appellant's trial counsel read the waiver to Appellant before it was signed. Appellant, Appellant's trial attorneys, and the trial judge all signed the waiver. Moreover, the trial judge admonished Appellant of his right to jury trial and had Appellant orally waive his right in open court. The trial judge addressed several questions to Appellant regarding Appellant's understanding of his right to a jury trial and Appellant's understanding of the waiver he signed; Appellant's trial counsel verified that she was unaware of anything that would lead her to believe Appellant was unable to waive his right. Finally, the trial judge asked, "You're telling me you are waiving your rights to a jury freely and intelligently and voluntarily," to which Appellant responded affirmatively.

   The record does not support Appellant's involuntariness contention. The written waiver executed at the October 25, 2010 hearing is prima facie evidence that Appellant's waiver was voluntary. *Williams v. State*, No. 14-09-00042-CR, 2010 WL 3921128, at *7 (Tex. App.— Houston [14th Dist.] Oct. 7, 2010, no pet.). There is nothing in the record to suggest that Appellant did not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding or that he did not have a rational understanding of the proceedings against him. On the contrary, Appellant stated that he remembered being in court the day he waived his jury trial. Appellant remembers signing the waiver and driving himself

6

home. Similarly, nothing in the record shows Appellant's conduct caused defense counsel, the prosecutor, or the trial judge to question Appellant's ability to waive his right to jury trial. We conclude that the record establishes that Appellant made an express, knowing, and intelligent waiver of his right to a jury trial.

Finally, the State notes that the prosecutor failed to sign the jury waiver, but argues this should not be a binding requirement of a valid jury waiver. In *Shaffer*, the Texas Court of Criminal Appeals held that the State's failure to give written consent to the defendant's waiver did not constitute an error from which a defendant could complain. *Shaffer v. State*, 769 S.W.2d 943, 944–45 (Tex. Crim. App.), *modified & adopted*, 780 S.W.2d 801 (Tex. Crim. App. 1989). We conclude that the State's failure to sign is not an error from which Appellant can complain; the State's failure to sign the waiver is harmless where the record demonstrates the State's consent.

### B. Withdrawal of Waiver

We next address whether the trial court erred when it denied Appellant's request to withdraw his jury waiver. Once Appellant validly waived his right to jury trial, he did not have an unfettered right to reassert that right. *Hobbs*, 298 S.W.3d at 197.

A subsequent request to withdraw a valid jury waiver is left to the discretion of the trial court. *Id.* at 198; *Marquez v. State*, 921 S.W.2d 217, 221 (Tex. Crim. App. 1996). The trial court should ordinarily permit withdrawal "so long as it is in good faith and there are no adverse consequences." *Marquez*, 921 S.W.2d at 222.

While the State had the burden of establishing a valid jury waiver, Appellant bore the burden of showing a lack of adverse consequences from a subsequent request to withdraw the valid jury waiver. *Hobbs*, 298 S.W.3d at 197. To establish a lack of adverse consequences, a defendant must establish on the record that the request to withdraw jury waiver was made sufficiently in advance of trial such that granting it would not (1) interfere with the orderly administration of justice, (2) result in unnecessary delay or inconvenience to the witnesses, or (3) prejudice the State. *Hobbs*, 298 S.W.3d at 197–98; *Marquez*, 921 S.W.2d at 223. However, "[i]f the defendant's claims are rebutted by the State, by the trial court, or by the record itself, the trial court does not abuse its discretion by refusing to allow withdrawal of the waiver." *Marquez*, 921 S.W.2d at 223.

7

On the date of trial, Appellant presented argument in support of his request to withdraw his jury waiver. In support of his claim that the State would suffer no prejudice, Appellant argued that the State's witnesses were all local and, because the State was able to marshal them in October and in January, it would not clearly prejudice the State to marshal the witnesses again at a later date. Because Appellant was requesting only a short continuance of three or four weeks, he argued that the witnesses would not suffer any unnecessary delay or inconvenience. As to the first *Hobbs* factor, Appellant argued at trial that it would be in the "spirit of fair play and substantial justice to permit him to withdraw the jury waiver." Appellant offered no evidence to support his claims. Appellant's arguments do not establish that no adverse consequences would flow from the withdrawal of his jury waiver. *See Hobbs*, 298 S.W.3d at 198 (holding that the court of appeals did not err in concluding that the defendant failed to carry his evidentiary burden).

In contrast, the prosecutor testified that to delay the trial would harm the State because the State had over 600 pending felony cases and this case had been fully prepared for trial twice. The prosecutor also testified that the witnesses had previously been subpoenaed and that to delay further would inconvenience them. Thus, the State offered evidence to rebut Appellant's claims. *See Marquez*, 921 S.W.2d at 223 (concluding no error occurred where the defendant failed to show that granting the withdrawal would not result in adverse consequences). Given the record before us, we conclude that Appellant failed to carry his evidentiary burden and that the trial court did not abuse its discretion in denying Appellant's request to withdraw his jury waiver. We overrule Appellant's second issue.

### Constitutionality of Texas Penal Code Section 21.15

Finally, we address Appellant's constitutional challenge. Appellant contends that Section 21.15 of the Texas Penal Code is unconstitutionally vague. Section 21.15 proscribes improper photography, defined as the taking of another person's photograph without consent and with intent to arouse or gratify the sexual desire of any person. Section 21.15(b)(1).

In the present appeal, Appellant was indicted for tampering with physical evidence in violation of Section 37.09. The record reflects that the State had two other pending charges against Appellant. On the date of trial, the State elected to proceed only with the tampering charge. Because Appellant was not indicted for or convicted of improper photography in this case, we will not address the constitutionality of the statute. *See Scott v. State*, 322 S.W.3d 662,

8

668 (Tex. Crim. App. 2010) (concluding the court of appeals erred in addressing the constitutionality of one statutory subsection when the defendant was charged under a different statutory subsection). Accordingly, we overrule Appellant's third issue.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

February 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.